**Kevin PARKS, et al., Plaintiffs,**

v.

**PORTNOFF LAW ASSOCIATES, LTD., et al., Defendants.**

**Civil Action No. 02–48.**

United States District Court, E.D. Pennsylvania.

Aug. 5, 2002.

**148**

Richard N. Lipow, Lipow & Lipow, Malvern, PA, for Plaintiffs.

William F. McDevitt, Christie, Pabarue, Mortensen & Young, James W. Christie, Christie, Pabarue, Mortensen and Young, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

KATZ, Senior District Judge.

Plaintiffs bring the above-titled action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (PFCEUA), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1, *et seq.* (PUTPCPL). Before the court is plaintiffs' motion to certify a class against defendants Portnoff Law Associates, Michelle Portnoff, and Dawn Schmidt. Because the court finds that certification of a class meets the requirements of Federal Rule of Civil Procedure 23, the motion is granted.

### I. Background

The three named plaintiffs, Kevin Parks, Lenin Gonzalez, and Migdalea Gonzalez, own real property in Valley Township and owed money for sewer and water services provided by the Township. Under Pennsylvania law, townships and authorities may place a lien on real property for the cost of services such as water, sewer, and trash. *See* 53 P.S. § 7106. According to the complaint, defendants routinely send out collection letters to recover delinquent fees for these services.

In 1998, 1999, 2000, and 2001, Plaintiff Parks failed to pay sewer and trash charges for his property. On June 7, 2001, Valley Township notified Parks that he owed $1,041.04. On July 20, 2001, the defendants mailed a collection letter informing Parks

that, unless he paid $1,179.04 within ten days, a lien would be filed against his property. The letter continued,

> You are hereby advised that Township of Valley will avail itself of all legal remedies until it receives payment in full. Legal recourse will result in substantial additional cost to you and may result in the Sheriff's sale of your property. It is in your best interest to make payment promptly and avoid these expenses. You should be further aware the Township of Valley will not accept installment payments of the amount that is delinquent. *Payment must be made in full.*

Pls.' Mot. for Class Cert., Ex. 1. Parks received similar letters on August 22, 2001, and September 19, 2001. *Id.* at Ex. 2, 3. The September letter stated that Parks owed $1,194.44. None of these letters included notices that defendants were debt collectors or a validation notice as required by 15 U.S.C. §§ 1692e(11), 1692(g)(a).

Lenin and Migdalea Gonzalez also own real property in Valley Township and were delinquent in paying for the trash, sewer, and water services. Defendants mailed collection letters to the Gonzalez residence on December 12, 2001 and February 23, 2001. The letters were identical to those sent to Parks except for the amount owed. None of the defendants' letters included notices that the defendants were debt collectors or validation notices.

Plaintiffs seek certification of the following class:

> all present or former owners of real estate who own or owned real property that has been subject to claims and/or encumbered by liens for interest, attorney fees, delinquent trash, sewer and water charges the claims and/or liens for which have been collected by debt collectors Portnoff Law Associates, Michelle R. Portnoff and/or Dawn Schmidt, in connection with those claims and liens.

*See* Pls.' Mot. for Class Cert. at 5. Defendants do not oppose class certification *per se* but seek to define the class as follows:

> All persons who, as owners of real property located in the Township of Valley, Chester County, Pennsylvania, received communication from Portnoff Law Associates, Inc. between January 3, 2001 and January 3, 2002, relating to municipal claims for water, sewer and trash assessments asserted by the Township of Valley against their real property as well as fees and costs imposed pursuant to Pennsylvania's Municipal Claim and Tax Liens Act, 53 P.S. § 7101, *et seq.* and local ordinances and who assert claims against Portnoff Law Associates, Inc. pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* as set forth in Count I of the Amended Complaint.

Defs.' Opp. to Pls.' Mot. for Class Cert. at 3–4. The court will address defendant's specific arguments in opposition to the plaintiffs' proposed class in the context of the subsequent Rule 23 analysis.

II.  Discussion

■ To obtain class certification, plaintiffs must establish all four elements of Federal Rule of Civil Procedure 23(a) along with one provision of Rule 23(b). *Johnston v. HBO Film Management, Inc.* 265 F.3d 178, 183 (3d Cir.2001); *see also Baby Neal v. Casey,* 43 F.3d 48, 55–56 (3d Cir.1994). In evaluating a motion for class certification, courts should resolve doubts in favor of approving certification. *See Eisenberg v. Gagnon,* 766 F.2d 770, 785 (3d Cir.1985). At this stage, courts should refrain from conducting a preliminary inquiry into the merits of the action. *See Barnes v. Am. Tobacco Co.,* 161 F.3d 127, 140 (3d Cir.1998) (citing *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)). However, courts may need to examine the factual and legal allegations in the complaint before determining class certification. *See Barnes,* 161 F.3d at 140.

Under Rule 23(a), the prerequisites to a class action are:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). In this case, plaintiffs seek certification pursuant to Rule 23(b)(2) which requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Plaintiffs also claim that the proposed class meets the requirements of Rule 23(b)(1) which states that a class action is maintainable if

the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Fed.R.Civ.P. 23(b)(1).

Defendants raise three arguments in opposition to the plaintiffs' proposed class. First, defendants claim that the proposed class cannot recover under both the Fair Debt Collection Practices Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. According to the defendants, the state statute precludes parties from "double dipping" for the same alleged violation of the federal fair debt law. Under the PUTPCPL, those who violate both the FDCPA and the PUTPCPL shall not incur cumulative penalties. *See* 73 P.S. § 2270.5(c). Defendants argue that the Pennsylvania legislature intended to preclude claimants from receiving a windfall by twice prosecuting the same defendant for the same conduct. Therefore, plaintiffs must

choose between prosecuting their claims under the state or federal law.

Defendants also argue that the proposed class cannot proceed under the PUTPCPL without individual evidence of actual damages by each proposed class member. According to the defendants, the Pennsylvania Supreme Court limited recovery under the UTPCPL to actual damages. *See Weinberg v. Sun Company, Inc.*, 565 Pa. 612, 777 A.2d 442, 446 (2001) (holding that statutory damages are unavailable under the UTPCPL in the absence of an ascertainable loss of money or property proximately caused by the defendant's prohibited conduct.). Because plaintiffs have failed to allege actual damages in their complaint, defendants argue that this court may not certify a class under the UTPCPL.

Defendants' third argument involves the statute of limitations of the state and federal laws. Defendants note that the FDCPA expressly limits application of its provisions to within one year from the date on which the plaintiffs filed the action. Regarding the state law claims, defendants argue that the PFCEUA was not effective until June 27, 2000. Therefore, if the court certifies a class pursuant to state law, defendants seek to limit the proposed class to those persons who received communications from the defendants within the eighteen month period between the effective date of the statute and the commencement of this action.

## A. Numerosity

■ "Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." *Newton v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 259 F.3d 154, 182 (3d Cir.2001). Defendants do not challenge the numerosity of a class composed of those with federal claims within certain geographic limits.[1] The defendants admit that they mailed approximately 5,000 letters per year to property owners in approximately forty municipalities. *See* Pls.'

---

1. Defendants argue that the proposed class representative live in the Township of Valley; therefore, the proposed class should be limited to those persons possessing real property in the Township. However, the court finds that the proposed class representatives are debtors who received allegedly prohibited collection letters from the defendants and the class should not be limited to the Township of Valley as the defendants propose.

Reply, exh. A at 35–36, 43, 44. Clearly, the putative class with regard to the federal claims is so numerous that joinder is impractical.

■ However, as noted above, the defendants contest certification of the class under state law. While it is not necessary to conduct a preliminary inquiry into a class action's merits, courts may need to scrutinize the allegations in the complaint. *See Barnes,* 161 F.3d at 140. The state claims involve individual issues of alleged but not demonstrated actual damages. The plaintiffs have failed to show that those who sustained actual damages are numerous or, more significantly, if any individuals sustained actual damages. If any debtor made a partial payment, it is unclear what part, if any, would be allocated to the claim for attorney's fees. While the plaintiffs suggest dividing the class into subclasses to address these variations, subclasses would add complexity without contributing clarity. Because the proposed class fails the numerosity requirement of Rule 23(a) with respect to state law, this court will not certify a class pursuant to the state claims.

### B. Commonality and Typicality

■ Although commonality and typicality are distinct inquiries, they are closely related and tend to merge, as both "criteria seek to assure that the action can be practically and efficiently maintained and that the interests of the absentees will be fairly and adequately represented." *Baby Neal,* 43 F.3d at 56; *see also Hassine v. Jeffes,* 846 F.2d 169, 176–77 n. 4 (3d Cir.1988). Neither requirement "mandates that all putative class members share identical claims" and "factual differences among the claims of the putative class members do not defeat certification." *Baby Neal,* 43 F.3d at 56 (citing *Hassine,* 846 F.2d at 169); *see also In re Prudential Ins. Co.,* 148 F.3d 283, 311 (3d Cir.1998). The commonality requirement is usually easily met, as it requires only that "the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Baby Neal,* 43 F.3d at 56. Class treatment is not precluded even if "individual facts and circumstances" become important

in the case. *Id.* at 57. The typicality requirement asks "whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." *Baby Neal,* 43 F.3d at 57; *see also In re Prudential,* 148 F.3d at 311.

■ In addition to the named plaintiffs, the defendants allegedly mailed identical letters to debtors throughout Pennsylvania. The evidence before the court suggests that defendants utilized a form letter to collect debts for multiple municipalities from real property owners throughout the commonwealth of Pennsylvania. The class representatives' claims are common and typical to the proposed class. Therefore, these requirements are satisfied.

### C. Adequacy of Representation

■ As noted above, the court must also find that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). In making this inquiry, the court should look to the ability and skill of plaintiffs' counsel and to whether or not plaintiffs' interests are antagonistic to those of the class. *See Moskowitz,* 128 F.R.D. at 635; *see also Amchem,* 521 U.S. at 625, 117 S.Ct. 2231 (adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent"). Defendants do not challenge the ability of counsel for the individual plaintiffs to adequately represent the proposed class. *See* Defs.' Opp. to Pls.' Mot. for Class Cert. at 24.

### D. Rule 23(b)(2)

■ Along with fulfilling the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), a proposed class must also meet one of the three provisions of Rule 23(b). In this action, plaintiffs seek certification pursuant to Rule 23(b)(2) claiming that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive

**152**

relief or corresponding declaratory relief with respect to the class as a whole." Fed. R.Civ.P. 23(b)(2). "Subsection (b)(2) class actions are 'limited to those class actions seeking primarily injunctive or corresponding declaratory relief.'" *Barnes*, 161 F.3d at 140 (quoting 1 *Newberg on Class Actions* § 4.11, at 4–39). Here, plaintiffs seek declaratory relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Therefore, this action satisfies Rule 23(b)(2).

*E. Rule 23(b)(1)*

██ Plaintiffs also satisfy the requirements of Rule 23(b)(1). In this dispute, the prosecution of separate actions by individual members of the class create the risk of inconsistent results which could "establish incompatible standards of conduct for the party opposing the class." Fed.R.Civ.P. 23(b)(1)(A). Furthermore, individual adjudications "would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed.R.Civ.P. 23(b)(1)(B). The proposed class has similar claims

**III. Conclusion**

The court finds that the prerequisites are satisfied as to the federal claim. The individual issues with respect to actual damages predominate and make certification of a class or subclasses pursuant to state law impracticable. Certification of the class seeking the federal claim is a fair and efficient resolution.